Jay M. Spillane (Bar No. 126364)
Alex Weingarten (Bar No. 204410)
FOX & SPILLANE LLP
1880 Century Park East, Suite 1004
Los Angeles, California 90067
(310) 229-9300
(310) 229-9380 (fax)

Attorneys for Plaintiff and Counterclaim Defendant
UNICOM Systems, Inc.

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT

NOV 22 2004

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOM SYSTEMS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS GROUP, INC., a Nevada corporation; MIDLAND NATIONAL LIFE INSURANCE COMPANY, an Iowa corporation; HEWITT ASSOCIATES, LLC, an Illinois limited liability company; MARK WALMSLEY, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>**AND RELATED COUNTERCLAIMS** | Case No. CV04-4604 GHK AJWx<br><br>STIPULATED PROTECTIVE ORDER |

DOCKETED ON CM

NOV 23 2004

014

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential Information or Items":  is limited to information that concerns or relates to a trade secret or other confidential research, development or commercial information the disclosure of which may cause significant harm to the competitive position of the producing party.

2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be

1    avoided by less restrictive means.

2          2.5    Receiving Party: a Party that receives Disclosure or Discovery
3    Material from a Producing Party.

4          2.6    Producing Party: a Party or non party that produces Disclosure or
5    Discovery Material in this action.

6          2.7.    Designating Party: a Party or non party that designates information or
7    items that it produces in disclosures or in responses to discovery as "Confidential" or
8    "Highly-Confidential Attorneys' Eyes Only."

9          2.8    Protected Material:  any Disclosure or Discovery Material that is
10   designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

11         2.9.    Outside Counsel: attorneys who are not employees of a Party but who
12   are retained to represent or advise a Party in this action.

13         2.10   House Counsel: attorneys who are employees of a Party.

14         2.11   Counsel (without qualifier):  Outside Counsel and House Counsel (as
15   well as their support staffs).

16         2.12   Expert: a person with specialized knowledge or experience in a matter
17   pertinent to the litigation who has been retained by a Party or its counsel to serve as an
18   expert witness or as a consultant in this action and who is not a past or a current employee
19   of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated
20   to become an employee of a Party or a competitor of a Party. This definition includes a
21   professional jury or trial consultant retained in connection with this litigation.

22         2.13   Professional Vendors: persons or entities that provide litigation
23   support services (e.g., photocopying; videotaping; translating; preparing exhibits or
24   demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their
25   employees and subcontractors.

26   3.     SCOPE

27         The protections conferred by this Stipulation and Order cover not only
28   Protected Material (as defined above), but also any information copied or extracted

therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

    4.    **DURATION**

    Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

    5.    DESIGNATING PROTECTED MATERIAL

    5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or non party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

    If it comes to a Party's or a non party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be

1  clearly so designated before the material is disclosed or produced.

2        Designation in conformity with this Order requires:

3        (a)    for information in documentary form (apart from transcripts of

4  depositions or other pretrial or trial proceedings), that the Producing Party affix the

5  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

6  ONLY" on each page that contains protected material. If only a portion or portions of the

7  material on a page qualifies for protection, the Producing Party also must clearly identify

8  the protected portion(s) (e.g., by making appropriate markings in the margins) and must

9  specify, for each portion, the level of protection being asserted (either

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

11        (b)    for testimony given in deposition or in other pretrial or trial

12  proceedings, that the Party or non-party offering or sponsoring the testimony identify on

13  the record, before the close of the deposition, hearing, or other proceeding, all protected

14  testimony, and further specify any portions of the testimony that qualify as "HIGHLY

15  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify

16  separately each portion of testimony that is entitled to protection, and when it appears that

17  substantial portions of the testimony may qualify for protection, the Party or non-party

18  that sponsors, offers, or gives the testimony may invoke on the record (before the

19  deposition or proceeding is concluded) a right to have up to 20 days after receipt of the

20  official transcript of the testimony to identify the specific portions of the testimony as to

21  which protection is sought and to specify the level of protection being asserted

22  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –  ATTORNEYS' EYES

23  ONLY"). Only those portions of the testimony that are appropriately designated for

24  protection within the 20 days shall be covered by the provisions of this Stipulated

25  Protective Order.

26        Transcript pages containing Protected Material must be separately bound by

27  the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or

28  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party

FOX & SPILLANE LLP

1    or nonparty offering or sponsoring the witness or presenting the testimony.

2         (c)    for information produced in some form other than documentary and

3    for any other tangible items, that the Producing Party affix in a prominent place on the

4    exterior of the container or containers in which the information or item is stored the

5    legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

6    ONLY." If only portions of the information or item warrant protection, the Producing

7    Party, to the extent practicable, shall identify the protected portions, specifying whether

8    they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

9         5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

10   failure to designate qualified information or items as "Confidential" or "Highly

11   Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating

12   Party's right to secure protection under this Order for such material. If material is

13   appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes

14   Only" after the material was initially produced, the Receiving Party, on timely

15   notification of the designation, must make reasonable efforts to assure that the material is

16   treated in accordance with the provisions of this Order.

17   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

18        6.1    Timing of Challenges. Unless a prompt challenge to a Designating

19   Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,

20   unnecessary economic burdens, or a later significant disruption or delay of the litigation, a

21   Party does not waive its right to challenge a confidentiality designation by electing not to

22   mount a challenge promptly after the original designation is disclosed.

23        6.2    Meet and Confer. A Party that elects to initiate a challenge to a

24   Designating Party's confidentiality designation must do so in good faith and must begin

25   the process by conferring directly (in voice to voice dialogue) with counsel for the

26   Designating Party. In conferring, the challenging Party must explain the basis for its

27   belief that the confidentiality designation was not proper and must give the Designating

28   Party an opportunity to review the designated material, to reconsider the circumstances,

1  and, if no change in designation is offered, to explain the basis for the chosen designation.

2  A challenging Party may proceed to the next stage of the challenge process only if it has

3  engaged in this meet and confer process first.

4       6.3   <u>Judicial Intervention</u>. A Party that elects to press a challenge to a

5  confidentiality designation after considering the justification offered by the Designating

6  Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil

7  Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in

8  detail the basis for the challenge. Each such motion must be accompanied by a competent

9  declaration that affirms that the movant has complied with the meet and confer

10  requirements imposed in the preceding paragraph and that sets forth with specificity the

11  justification for the confidentiality designation that was given by the Designating Party in

12  the meet and confer dialogue.

13       The burden of persuasion in any such challenge proceeding shall be on the

14  Designating Party. Until the court rules on the challenge, all parties shall continue to

15  afford the material in question the level of protection to which it is entitled under the

16  Producing Party's designation.

17  7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

18       7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that

19  is disclosed or produced by another Party or by a non party in connection with this case

20  only for prosecuting, defending, or attempting to settle this litigation. Such Protected

21  Material may be disclosed only to the categories of persons and under the conditions

22  described in this Order. When the litigation has been terminated, a Receiving Party must

23  comply with the provisions of section 11, below (FINAL DISPOSITION).

24       Protected Material must be stored and maintained by a Receiving Party at a

25  location and in a secure manner that ensures that access is limited to the persons

26  authorized under this Order.

27       7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.   Unless

28  otherwise ordered by the court or permitted in writing by the Designating Party, a

FOX & SPILLANE LLP

1   Receiving Party may disclose any information or item designated CONFIDENTIAL only

2   to:

3         (a)    the Receiving Party's Outside Counsel of record in this action, as well

4   as employees of said Counsel to whom it is reasonably necessary to disclose the

5   information for this litigation;

6         (b)    the officers, directors, and employees (including House Counsel) of

7   the Receiving Party to whom disclosure is reasonably necessary for this litigation and

8   who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

9         (c)    experts (as defined in this Order) of the Receiving Party to whom

10   disclosure is reasonably necessary for this litigation and who have signed the "Agreement

11   to Be Bound by Protective Order" (Exhibit A);

12         (d)    the Court and its personnel;

13         (e)    court reporters, their staffs, and professional vendors to whom

14   disclosure is reasonably necessary for this litigation and who have signed the "Agreement

15   to Be Bound by Protective Order" (Exhibit A);

16         (f)    during their depositions, witnesses in the action to whom disclosure is

17   reasonably necessary and who have signed the "Agreement to Be Bound by Protective

18   Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions

19   that reveal Protected Material must be separately bound by the court reporter and may not

20   be disclosed to anyone except as permitted under this Stipulated Protective Order.

21         (g)    the author of the document or the original source of the information.

22       7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23   ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in

24   writing by the Designating Party, a Receiving Party may disclose any information or item

25   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

26         (a)    the Receiving Party's Outside Counsel of record in this action, as well

27   as employees of said Counsel to whom it is reasonably necessary to disclose the

28   information for this litigation and who have signed the "Agreement to Be Bound by

FOX & SPILLANE LLP

1  Protective Order" that is attached hereto as Exhibit A;

2      (b)   the Receiving Party's House Counsel directly involved in supervision

3  of the instant litigation to whom disclosure is reasonably necessary, provided such House

4  counsel is not involved in business decisions of the receiving party as discussed by the

5  Ninth Circuit Court of Appeals in *Brown Bag v. Symantec*, to whom disclosure is

6  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound

7  by Protective Order" (Exhibit A);

8      (c)   Experts (as defined in this Order) (1) to whom disclosure is

9  reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound

10  by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in

11  paragraph 7.4, below, have been followed;

12      (d)   the Court and its personnel;

13      (e)   court reporters, their staffs, and professional vendors to whom

14  disclosure is reasonably necessary for this litigation and who have signed the "Agreement

15  to Be Bound by Protective Order" (Exhibit A); and

16      (f)   the author of the document or the original source of the information.

17      7.4   Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL

18  – ATTORNEYS' EYES ONLY" Information or Items to "Experts"

19      (a)   Unless otherwise ordered by the court or agreed in writing by the

20  Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order)

21  any information or item that has been designated "HIGHLY CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party

23  that: (1) identifies the specific HIGHLY CONFIDENTIAL information that the

24  Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of

25  the Expert and the city and state of his or her primary residence, (3) attaches a copy of the

26  Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each

27  person or entity from whom the Expert has received compensation for work in his or her

28  areas of expertise or to whom the expert has provided professional services at any time

1   during the preceding five years, and (6) identifies (by name and number of the case, filing

2   date, and location of court) any litigation in connection with which the Expert has

3   provided any professional services during the preceding five years.

4          (b)   A Party that makes a request and provides the information specified in

5   the preceding paragraph may disclose the subject Protected Material to the identified

6   Expert unless, within seven court days of delivering the request, the Party receives a

7   written objection from the Designating Party. Any such objection must set forth in detail

8   the grounds on which it is based.

9          (c)   A Party that receives a timely written objection must meet and confer

10  with the Designating Party (through direct voice to voice dialogue) to try to resolve the

11  matter by agreement. If no agreement is reached, the Party seeking to make the disclosure

12  to the Expert may file a motion as provided in Civil Local Rule 37 (and in compliance

13  with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.

14  Any such motion must describe the circumstances with specificity, set forth in detail the

15  reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of

16  harm that the disclosure would entail and suggest any additional means that might be used

17  to reduce that risk. In addition, any such motion must be accompanied by a competent

18  declaration in which the movant describes the parties' efforts to resolve the matter by

19  agreement (*i.e.*, the extent and the content of the meet and confer discussions) and sets

20  forth the reasons advanced by the Designating Party for its refusal to approve the

21  disclosure.

22         In any such proceeding the Party opposing disclosure to the Expert shall bear

23  the burden of proving that the risk of harm that the disclosure would entail (under the

24  safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

25  Material to its Expert.

26         Identification of the Expert for this purpose shall not be construed to

27  constitute a waiver of any privilege, including, *inter alia*, the attorney work product

28  doctrine.

FOX & SPILLANE LLP

8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order or other lawful court process issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such

1   person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is

2   attached hereto as Exhibit A.

3       10.   FILING PROTECTED MATERIAL.

4       Without written permission from the Designating Party or a court order

5   secured after appropriate notice to all interested persons, a Party may not file in the public

6   record in this action any Protected Material. A Party that seeks to file under seal any

7   Protected Material must comply with Civil Local Rule 79-5.

8       11.   FINAL DISPOSITION.

9       Unless otherwise ordered or agreed in writing by the Producing Party, within

10  sixty days after the final termination of this action, each Receiving Party must return all

11  Protected Material to the Producing Party. As used in this subdivision, "all Protected

12  Material" includes all copies, abstracts, compilations, summaries or any other form of

13  reproducing or capturing any of the Protected Material. With permission in writing from

14  the Designating Party, the Receiving Party may destroy some or all of the Protected

15  Material instead of returning it. Whether the Protected Material is returned or destroyed,

16  the Receiving Party must submit a written certification to the Producing Party (and, if not

17  the same person or entity, to the Designating Party) by the sixty day deadline that

18  identifies (by category, where appropriate) all the Protected Material that was returned or

19  destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

20  compilations, summaries or other forms of reproducing or capturing any of the Protected

21  Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy

22  of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

23  work product, even if such materials contain Protected Material. Any such archival copies

24  that contain or constitute Protected Material remain subject to this Protective Order as set

25  forth in Section 4 (DURATION), above.

26      12.   MISCELLANEOUS

27      12.1  Right to Further Relief. Nothing in this Order abridges the right of

28  any person to seek its modification by the Court in the future.

FOX & SPILLANE LLP

STIPULATED PROTECTIVE ORDER

12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: __11.22.2004__  _____

Hon. George H. King
United States District Court Judge
Central District of California

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  November __19__, 2004

Jay M. Spillane
Alex M. Weingarten
FOX & SPILLANE LLP

By: _____
   Alex M. Weingarten
Attorneys for UNICOM Systems, Inc.

Dated:  November ____, 2004

Kenneth L. Wilton
Jeffrey A. Kobulnick
SEYFARTH SHAW LLP

By _____
   Kenneth L. Wilton
Attorneys for FARMERS GROUP, INC.

FOX & SPILLANE LLP

STIPULATED PROTECTIVE ORDER

-12-

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____     _____

Hon. George H. King<br>
United States District Court Judge<br>
Central District of California

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November ____, 2004          Jay M. Spillane
                                    Alex M. Weingarten
                                    FOX & SPILLANE LLP


                                    By: _____
                                        Alex. M. Weingarten
                                    Attorneys for UNICOM Systems, Inc.

Dated: November 19, 2004            Kenneth L. Wilton
                                    Jeffrey A. Kobulnick
                                    SEYFARTH SHAW LLP


                                    By _____
                                       Kenneth L. Wilton
                                    Attorneys for FARMERS GROUP, INC.

FOX & SPILLANE LLP

1    Dated: November 19, 2004     Donald P. Wagner
2                                  WAGNER LAUTSCH LLP
3
4                                  By _____
5                                    Donald P. Wagner
                                    Attorneys for Mark Walmsley
6
7    Dated: November ____, 2004     Thomas R. Freeman
                                    Thomas V. Reichert
8                                    Amanda R. Touchton
                                    BIRD MARELLA BOXER, WOLPERT,
9                                    NESSIM, DROOKS & LINCENBERG
10
11                                     By: _____
                                       Thomas R. Freeman
12                                   Attorneys for Hewitt Associates LLC
13
14    Dated: November ____, 2004     Robert D. Phillips, Jr.
15                                    Heather B. Hoesterey
                                   FLEMING & PHILLIPS, LLP.
16
17                                     By: _____
                                      Robert D. Phillips, Jr.
18                                   Attorneys for Midland National Life Insurance
                                   Company

STIPULATED PROTECTIVE ORDER

-13-

1   Dated: November ____, 2004          Donald P. Wagner
2                                        WAGNER LAUTSCH LLP
3
4                                        By _____
5                                            Donald P. Wagner
                                         Attorneys for Mark Walmsley
6
7   Dated: November 18, 2004            Thomas R. Freeman
                                         Thomas V. Reichert
8                                        Amanda R. Touchton
                                         BIRD MARELLA BOXER, WOLPERT,
9                                        NESSIM, DROOKS & LINCENBERG
10
11                                       By: _____
                                             Thomas R. Freeman
12                                       Attorneys for Hewitt Associates LLC
13
14  Dated: November ____, 2004          Robert D. Phillips, Jr.
                                         Heather B. Hoesterey
15                                       FLEMING & PHILLIPS, LLP
16
17                                       By: _____
                                             Robert D. Phillips, Jr.
18                                       Attorneys for Midland National Life Insurance
                                         Company
19
20
21
22
23
24
25
26
27
28

STIPULATED PROTECTIVE ORDER

-13-

1    Dated:  November ____, 2004          Donald P. Wagner
                                          WAGNER LAUTSCH LLP
2

3
                                          By _____
4                                              Donald P. Wagner
                                          Attorneys for Mark Walmsley
5

6
     Dated:  November ____, 2004          Thomas R. Freeman
7                                         Thomas V. Reichert
                                          Amanda R. Touchton
8                                         BIRD MARELLA BOXER, WOLPERT,
                                          NESSIM, DROOKS & LINCENBERG
9

10

11                                        By: _____
                                               Thomas R. Freeman
12                                        Attorneys for Hewitt Associates LLC

13

14   Dated:  November  19 , 2004          Robert D. Phillips, Jr.
                                          Heather B. Hoesterey
15                                        FLEMING & PHILLIPS, LLP

16
                                          By: _____
17                                             Robert D. Phillips, Jr.
                                          Attorneys for Midland National Life Insurance
18                                        Company

19

20

21

22

23

24

25

26

27

28

FOX & SMILANE LLP

                                                   STIPULATED PROTECTIVE ORDER
                              -13-

SCANNED

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of **UNICOM SYSTEMS, Inc. v. Farmers Group, et al., Case No. CV04-4604 GHK AJWx**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

FOX & SPILLANE LLP

STIPULATED PROTECTIVE ORDER

-1-

# PROOF OF SERVICE

| | |
|---|---|
| STATE OF CALIFORNIA | ) |
| | ) ss |
| COUNTY OF LOS ANGELES | ) |

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Fox & Spillane LLP, 1880 Century Park East, Suite 1004, Los Angeles, California 90067. On November 19, 2004, I served the within documents:

## STIPULATED PROTECTIVE ORDER

☐  I sent such document from facsimile machine (310) 229-9380 on November 19, 2004. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 229-9380 which confirms said transmission and receipt. The transmission was reported as complete and without error. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as and by the method set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

## SEE ATTACHED SERVICE LIST

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

     I declare under penalty of perjury in accordance with the laws of the United States of America that the foregoing is true and correct of my own personal knowledge, that I am employed by a member of the Bar of this Court at whose direction this service was made, and that I executed this document on November 19, 2004, at Los Angeles, California.

Christy Benefield

_Christy Benefield_

Fox & Spillane LLP

PROOF OF SERVICE

1

# SERVICE LIST

2

## UNICOM v. FARMERS

3

4   Donald P. Wagner, Esq.                          Attorneys for Mark Walmsley
    Wagner Lautsch, LLP
5   41 Corporate Park, Suite 200                    (949) 474-6900
    Irvine, California 92606-5175                   (949) 474-6001 (fax)
6

7                                                   VIA US MAIL

8   Fleming & Phillips LLP                          Attorneys for Midland National Life
9   Robert D. Phillips, Jr.                         Insurance Company
    Heather B. Hoesterey
10  1240 Treat Boulevard, Suite 630                 (925) 296-2600
11  Walnut Creek, CA  94597-7581                    (925) 296-2626 (fax)

12                                                  VIA US MAIL

13

14  Kenneth Wilton, Esq.                            Attorneys for Farmers Group
    Dean Martoccia, Esq.
15  Sefarth Shaw                                    (310) 227-7200
    2029 Century Park East                          (310) 301-5219 (fax)
16  Suite 3300
17  Los Angeles, CA  90067                          VIA US MAIL

18
    Thomas Freeman, Esq.                            Attorneys for Hewitt Associates LLC
19  Amanda Touchton, Esq.
    Bird, Marella, Boxer & Wolpert                  (310) 201-2100
20  1875 Century Park East, 23rd Floor              (310) 201-2110 (fax)
21  Los Angeles, CA  90067

22                                                  VIA US MAIL

23

24

25

26

27

28

FOX & SPILLANE LLP

PROOF OF SERVICE