KENNETH L. WILTON (SBN: 126557)
DEAN A. MARTOCCIA (SBN: 193185)
**SEYFARTH SHAW LLP**
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219
Email:  KWILTON@SEYFARTH.COM
Email:  DMARTOCCIA@SEYFARTH.COM

Attorneys for Defendant
FARMERS GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNICOM SYSTEMS, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> FARMERS GROUP, INC., a Nevada corporation; MIDLAND NATIONAL LIFE INSURANCE COMPANY, an Iowa corporation; HEWITT ASSOCIATES, LLC, an Illinois limited liability company; MARK WALMSLEY, an individual; and DOES 1 through 10, Inclusive, <br><br> Defendant. | Case No. CV 04-4604 AJW <br><br> **THE HONORABLE ANDREW J. WISTRICH** <br><br> (Courtroom 690) <br><br> **FARMERS GROUP, INC.'S SECOND AMENDED PROPOSED JURY INSTRUCTIONS** <br><br> Trial Date:   January 15, 2008 |

1    Farmers Group, Inc. ("Farmers") submits the following second amended
2  proposed jury instructions on which the parties could not reach agreement.  The
3  parties concurrently have also filed a second amended set of joint proposed jury
4  instructions.  Farmers reserves the right to amend or supplement this set of
5  instructions.

6
7                                      SEYFARTH SHAW LLP

8  Dated: January 7, 2008              By:_____s/ Kenneth L. Wilton_____
9                                           Kenneth L. Wilton
                                            Attorneys for Defendant
10                                          FARMERS GROUP, INC.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Table of Contents

Page

1.   CLAIMS AND DEFENSES ................................................................. 3

2.   BREACH OF CONTRACT – RULES OF CONTRACTUAL
     INTERPRETATION ....................................................................... 4

3.   BREACH OF CONTRACT – PERFORMANCE EXCUSED BY
     REPUDIATION .............................................................................. 5

4.   FRAUD – RELIANCE ...................................................................... 6

5.   FRAUD – REASONABLE RELIANCE ............................................ 7

6.   COPYRIGHT INFRINGEMENT – HOW COPYRIGHT IS OBTAINED ... 8

7.   COPYRIGHT INFRINGEMENT – REGISTRATION ................................. 9

8.   COPYRIGHT INFRINGEMENT – EFFECT OF LICENSE AGREEMENT
     ON CLAIM FOR COPYRIGHT INFRINGEMENT ................................. 10

9.   MISAPPROPRIATION OF TRADE SECRETS – CONSENT ................... 11

10.  UNCLEAN HANDS ....................................................................... 12

11.  LACHES ........................................................................................ 13

12.  WAIVER ........................................................................................ 14

13.  WAIVER BY CONDUCT .............................................................. 15

14.  ESTOPPEL .................................................................................... 16

15.  DMCA – DEFENSES ..................................................................... 17

16.  DMCA – DEFENSES ..................................................................... 18

17.  DAMAGES – MITIGATION ........................................................ 19

18.  DAMAGES – DOUBLE RECOVERY AND COMPENSATORY
     DAMAGES ..................................................................................... 20

19.  SETOFF .......................................................................................... 22

## 1.    CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Unicom Systems, Inc., claims that the defendant, Farmers Group, Inc., has failed to pay for use of Unicom's software programs, referred to as PIE/CICS, and that Farmers has used this software without rights to such use. Unicom also contends that Farmers committed fraud by concealing key facts from Unicom.  Unicom has the burden of proving these claims.

Farmers denies Unicom's claims, and asserts that it had the right to use the PIE/CICS Software under the license agreement it had with Unicom.  Farmers also claims certain defenses, including that Unicom previously denied that the license agreement applied to the parties and cannot now claim injury under the terms of that license agreement, and that Unicom waived its claims against Farmers by failing to timely assert them.  Farmers has the burden of proof on these defenses.


Based on *Ninth Circuit Manual of Model Jury Instruction* (2007) 1.2.


Given:                           _____
Given as Modified:        _____
Refused:                       _____
Withdrawn:                   _____

**2.      BREACH OF CONTRACT – RULES OF**

**CONTRACTUAL INTERPRETATION**

In interpreting the parties' agreement, usage or custom may be analyzed to explain the terms of the agreement as well as to imply necessary terms therein, as long as there is no contrary intent evident in the license agreement.

Based on *California Civil Code* § 1655 and *California Code of Civil Procedure* § 1856(c)

Given:                          ____

Given as Modified:        ____

Refused:                       ____

Withdrawn:                   ____

**3.     BREACH OF CONTRACT – PERFORMANCE**
        **EXCUSED BY REPUDIATION**

Farmers claims that its performance under the Farmers-TSC License Agreement was excused because it contends Unicom repudiated the agreement.

The doctrine of repudiation provides an excuse for nonperformance in the face of threatened breach.  In order for a statement or act to be a repudiation, the threatened breach must be of sufficient gravity that, if the breach actually occurred, it would of itself have given Farmers a claim for damages for total breach.

Based on *Court's Memorandum and Order Re: Cross Motions for Summary Judgment*, p. 10; *Restatement Second of Contracts* § 250 cmt. d.

Given:                          ____

Given as Modified:        ____

Refused:                      ____

Withdrawn:                  ____

## 4.     FRAUD – RELIANCE

Unicom relied on Farmers' alleged concealment if it caused Unicom to take some action, and Unicom would probably not have done so without such concealment.

It is not necessary for a concealment to be the only reason for Unicom's conduct.  It is enough if a concealment substantially influenced Unicom's choice, even if it was not the only reason for its conduct.

Based on *Judicial Council Of California Civil Jury Instruction* 1907.

Given:                          ____

Given as Modified:          ____

Refused:                       ____

Withdrawn:                    ____

**5.      FRAUD – REASONABLE RELIANCE**

You must determine the reasonableness of Unicom's reliance by taking into account its knowledge and experience.

Based on *Judicial Council Of California Civil Jury Instruction* 1908.

Given:                          ____

Given as Modified:            ____

Refused:                       ____

Withdrawn:                     ____

**6.      COPYRIGHT INFRINGEMENT – HOW COPYRIGHT IS
      OBTAINED**

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression.  However, the owner of the copyright must register the copyright in the work by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work.  After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.  Without such a registration, or a refusal to register, the owner of a copyrighted or rejected work may not pursue a claim for copyright infringement.

Based on *Ninth Circuit Manual of Model Jury Instruction* (2007) 17.0.

Given:                         _____

Given as Modified:        _____

Refused:                     _____

Withdrawn:                 _____

**7.     COPYRIGHT INFRINGEMENT – REGISTRATION**

Unicom has the burden of proving that the version of the PIE/CICS Software registered by Unicom with the United States Copyright Office was the same version that was being used by Farmers.  If you find that Unicom has not met this burden, you must find for Farmers on Unicom's copyright infringement and circumvention claims.

Source:  17 U.S.C. § 411(a); *Court's Memorandum and Order Re:  Cross Motions for Summary Judgment*, at pp. 15-18

Given:                            ____
Given as Modified:         ____
Refused:                        ____
Withdrawn:                    ____

**8.    COPYRIGHT INFRINGEMENT – EFFECT OF LICENSE**
**       AGREEMENT ON CLAIM FOR COPYRIGHT**
**       INFRINGEMENT**

The Farmers-TSC License Agreement permits Farmers to use the PIE/CICS Software according to the terms of the agreement.  If Farmers used the PIE/CICS Software in accordance with the terms of the agreement, there can be no copyright infringement.

Based on *Sun Microsys., Inc. v. Microsoft Corp.*, 188 F.3d 1115 (9th Cir. 1999).

Given:                          ____

Given as Modified:        ____

Refused:                     ____

Withdrawn                  ____

10

**9.     MISAPPROPRIATION OF TRADE SECRETS –**

**CONSENT**

Farmers claims that it cannot be liable for trade secret misappropriation because Unicom consented to its use of the PIE/CICS Software by virtue of Farmers' license to use the software

The Farmers-TSC License Agreement permits Farmers to use the PIE/CICS Software according to the terms of the agreement.  If Farmers used the PIE/CICS Software in accordance with the terms of the agreement, there can be no misappropriation of trade secrets.


Based upon *PMC, Inc. v. Kadisha*, 78 Cal.App.4th 1368 (2000); *Morlife, Inc. v. Perry*, 56 Cal.App.4th 1514 (1997) (cited in *Court's Memorandum and Order Re: Cross Motions for Summary Judgment*, at pp. 34-35).


Given:                           ____
Given as Modified:        ____
Refused:                        ____
Withdrawn                    ____

**10.    UNCLEAN HANDS**

Farmers claims as a defense that Unicom has come into court with unclean hands.  The doctrine of unclean hands is invoked when a litigant seeking damages has violated a duty of good faith or has acted unconscionably in connection with the same subject matter or relationship out of which the litigant claims a right to damages.  Farmers must prove that Unicom's conduct was unconscionable or not in good faith and resulted in prejudice to Farmers.

If you find that Unicom has acted in a manner such that it has violated good faith or conscience, then you should find that Unicom is not entitled to recover damages in this action.


Based on Schwing, 2 Cal. Affirmative Def. § 45:18 (2007 ed.) and Matthew Bender, *California Forms of Jury Instructions*, MB 300F.29.


Given:                        ____

Given as Modified:        ____

Refused:                    ____

Withdrawn:                ____

## 11.    LACHES

Farmers claims that Unicom did not file suit on its copyright infringement, circumvention and trade secret misappropriation claims within a reasonable time. To prevail on this defense, with respect to those claims, Farmers must prove both of the following:

1.    That Unicom unreasonably delayed in bringing this lawsuit; and

2.    That Farmers was prejudiced by Unicom's delay in bringing this lawsuit.

Based on Matthew Bender, *California Forms of Jury Instructions*, MB 4200A.76.

Given:                        _____
Given as Modified:            _____
Refused:                      _____
Withdrawn                     _____

## 12.   WAIVER

Farmers claims as a defense that Unicom engaged in conduct inconsistent with the Farmers-TSC License Agreement that operated as a waiver of its terms. To establish this defense, Farmers must prove that Unicom acted so as to lead Farmers reasonably to believe that Unicom had given up the right to enforce the terms of the agreement.  If you find that Unicom waived the terms of the agreement, Unicom may not rely on them.

Based on Matthew Bender, *California Forms of Jury Instructions*, MB 300F.22.

Given:                              ____

Given as Modified:         ____

Refused:                         ____

Withdrawn:                     ____

## 13.    WAIVER BY CONDUCT

Waiver may be based on verbal expressions, or alternatively, on conduct.  If you find waiver based on Unicom's conduct rather than verbal expressions, Farmers must establish that it relied in good faith on that conduct to its prejudice.

Based on Matthew Bender, *California Forms of Jury Instructions*, MB 300F.21.

Given:                          ____
Given as Modified:        ____
Refused:                       ____
Withdrawn:                   ____

## 14.    ESTOPPEL

Farmers claims as a defense that Unicom is barred from claiming that Farmers breached the Farmers-TSC License Agreement.  To establish this defense, Farmers must prove:

1.    That Unicom made a representation of fact by words or conduct intending that Farmers should rely on it.

2.    That Unicom knew the facts;

3.    That Farmers was ignorant of the true state of facts; and

4.    That Farmers reasonably relied on Unicom's representation to Farmers' injury.  Farmers' reliance must be reasonable in the sense that under the circumstances a reasonable person would have acted as Farmers did.

Based on Matthew Bender, *California Forms of Jury Instructions*, MB 300F.27.

Given:                        ____

Given as Modified:        ____

Refused:                      ____

Withdrawn:                  ____

## 15.    DMCA – DEFENSES

Farmers claims as a defense to Unicom's circumvention claim that it had the right to circumvent the password system contained in the PIE/CICS Software. Unicom denies that Farmers had that right.

To establish this defense, Farmers must prove:

1.    That it had lawfully obtained the right to use a copy of the PIE/CICS Software.

2.    That it circumvented the password system contained in the PIE/CICS Software for the sole purpose of enabling interoperability of the PIE/CICS Software with other programs

3.    That circumvention of the password system contained in the PIE/CICS Software was necessary to achieve such interoperability; and

4.    That circumvention of the password system contained in the PIE/CICS Software did not constitute copyright infringement.

Source:  17 U.S.C. § 1201(f).

Given:                           ____
Given as Modified:        ____
Refused:                        ____
Withdrawn:                    ____

**16.    DMCA – DEFENSES**

Farmers claims as a further defense to Unicom's circumvention claim that it had the right to modify the PIE/CICS Software.  Unicom denies this defense.

To establish this defense, Farmers must prove:

1.    That it owned a copy of the PIE/CICS Software; and

2.    That it modified its copy of the PIE/CICS Software as an essential step in the utilization of the PIE/CICS Software in conjunction with a machine.

To determine whether Farmers owned a copy of the PIE/CICS Software, you may consider the following factors:

1.    Whether the copy of the PIE/CICS Software used by Farmers was stored on Farmers' computers or Unicom's computers;

2.    Whether Unicom had the right to repossess the copy of the PIE/CICS Software used by Farmers;

3.    Whether Farmers could discard or erase the copy of the PIE/CICS Software used by Farmers; and

4.    Whether Farmers could use and retain the copy of the PIE/CICS Software used by Farmers forever or whether it was required to return it to UNICOM.

Source:  17 U.S.C. § 117(a); *Krause v. Titleserv, Inc.*, 402 F.3d 119, 124 (2d Cir. 2005); *Court's Memorandum and Order Re:  Cross Motions for Summary Judgment*, at pp. 21-22

Given:                              _____

Given as Modified:          _____

Refused:                          _____

Withdrawn:                      _____

## 17.   DAMAGES – MITIGATION

Unicom has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Farmers has the burden of proving by a preponderance of the evidence:

1.    That Unicom failed to use reasonable efforts to mitigate damages; and

2.    The amount by which damages would have been mitigated.


*Ninth Circuit Manual of Model Jury Instruction* (2007) 5.3.


Given:                          ____

Given as Modified:       ____

Refused:                       ____

Withdrawn:                   ____

## 18.   DAMAGES – DOUBLE RECOVERY AND COMPENSATORY DAMAGES

If you return a verdict for Unicom, you must award it such sum of money as you believe will fairly and justly compensate it for any injury you believe it actually sustained as a direct result of the conduct of Farmers.  In this case, Unicom has four claims against Farmers, namely that Farmers breached the license agreement, infringed Unicom's copyright, misappropriated Unicom's trade secrets, and fraudulently concealed fact(s) from Unicom.  If you find that Farmers did in fact violate more than one of Unicom's rights, you must remember, in calculating the damages, that Unicom is entitled to be compensated only for injuries it actually suffered.  Thus, if Farmers violated more than one of Unicom's rights, but the resulting injury was no greater than it would have been had Farmers violated one of those rights, you should award an amount of compensatory damages no greater than you would award if Farmers had violated only one of Unicom's rights.

Based on *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (recovery is limited by the rule against double recovery of tort and contract compensatory damages); *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002) ("As we have noted, it goes without saying that the courts can and should preclude double recovery by an individual") (quotations omitted); *Tavaglione v. Billings*, 4 Cal.4th 1150, 1158-59 (1993) ("Regardless of the nature or number of legal theories advanced by the plaintiff, he is not entitled to more than a single recovery for each distinct item of compensable damage supported by the evidence.  Double or duplicative recovery for the same items of damage amounts to overcompensation and is therefore prohibited.") (citation omitted); *Walker v. Signal Companies, Inc.*,  84 Cal.App.3d 982, 995-996 (1993) (impermissible double recovery where no separate evidence supported distinct awards of damages in contract and tort); *DuBarry Internat., Inc. v. Southwest Forest Industries, Inc.*, 231 Cal.App.3d 552, 563-565 (1991) (in a

case in which the plaintiff's only item of damage was loss of commissions, two awards of damages identical in amount-one for breach of contract and the other for bad faith denial of the same contract-could not be added together in computing the judgment; the plaintiff was entitled to only one of the awards); *Kissell Co. v. Gressley*, 591 F.2d 47, 51 (9th Cir. 1979) ("Double recovery is disfavored").

Given:                         ____

Given as Modified:            ____

Refused:                      ____

Withdrawn                     ____

**19.    SETOFF**

The right of setoff allows two parties that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B also owes A.

Farmers claims that it made payments to Unicom to which Unicom was not entitled.  If you find that Farmers made payments to Unicom to which Unicom was not entitled, then any amounts awarded to Unicom in this suit must be reduced by the amount of the payments by Farmers to Unicom.

Based on *California Code of Civil Procedure* § 431.70.

Given:                            ____

Given as Modified:         ____

Refused:                         ____

Withdrawn                     ____